21-1388 Bruce versus City and County of Denver. Good morning, Your Honours. It's Aaron Garrett on behalf of Douglas Bruce, the appellant who's seated at the table behind me. The question for the court in this case is whether the district court erred in expanding the Rooker-Feldman Doctrine to also include not just named parties to state court litigation, but also other people who tend to get or happen to get wrapped up in the state court proceedings. Some of the background here is that my client had two notes on two properties in the Denver City area, one on Lipan Street and one that is referred to as York. He transferred those, the first was in 1997 and the later in, the other one was in 2003-2004 time period, to a company called Telecom Resources, LP, and then Telecom later transferred the property to another owner. There were some, the City of Denver assessed various fines for code violations on the property which accrued over a course of years and ultimately engaged in some collections proceedings in the state court in Colorado. There were some judgments that were obtained, several million dollars worth of judgments were obtained in the state court. A receiver was appointed to collect on those judgments essentially, take over the properties that were involved, sell them, and then pay off the judgments that were in favor of the city and state. My client, Mr. Bruce, during the course of these state court proceedings, repeatedly requested to be made a party to the state court litigation because he was the real party in interest. He was the one who had any skin in the game related to these properties. He had, by the time this litigation was going on, each of the notes cumulatively had totaled millions of dollars after interest was included. And we even contend that the state court litigation proceeded against the wrong party. Was he represented by counsel during any of this period? No, Your Honor. He represented himself. Okay. So during the state court litigation, during the receivership as well, he's unrepresented? That's correct. And he made a claim in the receivership proceeding? Yeah, he did. He filed a claim related to his notes. And made 16 separate motions in that proceeding? I don't know the exact number, but he filed... Yeah, we don't contest that. He was an active participant in that receivership proceeding? Well, to the extent that he was filing documents, yeah. He participated. He objected. He responded to motions. And eventually he was listed as a party on the docket. I don't think that he was, Your Honor. I know that he was. Because I've looked at the docket. Right. I don't think that the docket necessarily lists him as a party. And in fact, the district court, the trial court, the Colorado State Court, in 2018, actually, there was a motion that was filed by the city to have him be named a party in 2018, well after the judgment had been entered and everything. And the district court actually denied that motion. Did he have a right to appeal from the decision of the receiver? I don't know that he did. He was not made a party. He had a right to appeal. Well, his lien was acknowledged and his lien was found to be subservient. So he was very much involved. His interest was stated and the court ruled against his interest. Wouldn't that give him grounds to appeal? I suppose it would. And the district court certified the decision in order for the specific purpose of assuring that Mr. Bruce had an immediate right to appeal. Well, the court's judgments and rulings were certified in orders. Absolutely. We're not contesting that. What we are contesting is that by not being made a party to the litigation, he didn't have the same rights that he would have otherwise had of discovery and a right to actually have a court hearing to address his concerns. He did appear before a court several times, but they were all related to an order to show cause proceedings, and they didn't address the substance of the case. And he never filed a motion to intervene? Well, I don't know that it was necessarily styled like that, but he requested to be made a party in writing. His pleadings were inartful, I would say. You know, they wouldn't necessarily be drafted the way that a practicing attorney would draft them. But the request to be made a party was certainly made in writing and verbally at the court hearings where he did appear. And his status as a party to the litigation was addressed at the court hearings. It was a quasi-in-rem proceeding, right? It's called that, but the lawsuit... Well, I mean, essentially the party in a quasi-in-rem is the property, right? And the receiver is representing those who have competing interests in the property. The litigation itself started out as a lawsuit between Denver and this telecom... City of... County of Denver and this telecom company to get a judgment related to the fines that the city had assessed. But after that judgment was entered, a receiver was appointed to sell off the assets of telecom, which were these properties. So I suppose you could consider that quasi-in-rem. That's where the district court went here in relying on the Second Circuit case, right? Yeah, absolutely. I think the Second Circuit case is worth discussing. That case concerned a New York City statute that allowed the city to institute in-rem proceedings against properties to collect fines and for other reasons. In that Dorse case, after those state court proceedings had completed, the owners of the real estate filed suit to challenge that statute, to challenge those proceedings. And the court in the Second Circuit in that Dorse case said, well, because you were able to participate in the in-rem proceedings by fact that you were the owner of the real estate in question, you were a party to that litigation and the Rooker-Feldman Doctrine applies. Now, that's different than what we have with Mr. Bruce, because Mr. Bruce is just a lien holder, a note holder on these properties. He was not the owner of record for any sort of in-rem or quasi-in-rem proceedings. And his interest in the property would not have been found had a title search been accomplished? So his liens were recorded. The first one was recorded in 1998. So does that make a difference? I mean, how does that distinguish from the distinction that you're making in the facts of Dorse? Well, the reason that the Dorse court found that the Rooker-Feldman Doctrine applied was that the owners of the property were able to participate in the state court litigation by fact that they owned the properties that were the subject of the in-rem proceedings. Mr. Bruce didn't have those same abilities as a simple note holder on these properties. But again, a motion to intervene perhaps would have gotten him there at that point. Because it seems, from looking at this, that once you get into the world of receivership, it becomes a real uphill battle for him to make his case. It was hard for him to get hurt, if that's what you mean by a piddle paddle. Well, I mean, he was hurt when he filed motions. They were hurt. The receiver tried to address his concerns. And ultimately, when the receiver made the decision in terms of lien priority, he had a right to take that up, to challenge that decision. And it seems to me, for Rooker-Feldman purposes and what we mean by a party, if you've got a right to take it up and challenge the decision, it seems to me you're a party. Well, if that's the way you view the facts and the law, then I would have to agree with you, Your Honor. I think that our position is that the Supreme Court and this circuit has tried to not expand the Rooker-Feldman doctrine beyond proper parties. Well, you're calling it an expansion. I'm calling it a definition of party. If you're a party and you have a decision in state court that goes against you, you cannot come to the federal court to try and get relief from the state court decision, particularly if you didn't bother to appeal it in the state court. I mean, that's the crux of what Rooker-Feldman does. Turning to the receivership, the receiver, once the receiver has been dismissed and the receivership action has been dissolved, is it possible to bring a claim against the receiver? I'm not exactly sure which part of the appeal you're referring to, but I would say yes. You've got claims against the receiver, right? Right. Well, we have claims against the company that operated as the receiver. And I mean, either way, those claims are based on actions of the receiver during the time that there was a receivership. And what I'm asking you is, does a receiver have any continuing liability once the receivership is terminated? Well, we would argue that it does. Do you have any case law that would support that argument? Not that I can cite to you off the top of my head, Your Honor. Would he have to obtain permission in order to sue or become involved at that point in any action against the receiver? I know that argument was presented and argued. The claims against the receiver are for breach of fiduciary duty and for conspiracy to violate constitutional rights. Perhaps the state law claim, we may need to go back to the state court and ask for permission to pursue the state law claim. But the federal constitutional claim, I think, is independent of those and can be pursued without the permission of the court that appointed the receiver. Well, you're essentially arguing that the company for which the receiver works is vicariously liable for the breach of fiduciary duty of the receiver. Well, I mean, the company was the receiver. The company is obviously run by employees and individuals, but Sterling Consulting Corporation was the receiver. So you're suing them for the acts of the individual who acted as receiver? We're suing them for their corporate, the acts of the company when it was acting as the receiver. I'm not trying to be difficult, but I am trying to be clear that, you know, there's an individual behind that company who made decisions, but it's the company that's... Well, the Barton Doctrine, it's discussed in this litigation, it applies here, does it not? I think the exception to the Barton Doctrine applies equally in that, you know, we've made allegations that the receiver was not faithfully executing the orders of appointment. And that instead, this was a conspiracy in an attempt to steal my client's equity in the real estate. And because of that, the Barton Doctrine does not apply. If there's nothing further, I'll turn the time over to the appellees. Thank you. Good morning. Good morning, Your Honors. My name is Edward Gorman from the Denver City Attorney's Office, and I will be arguing on behalf of all the appellee defendants this morning. With me, I have my colleague at the table, Paige Ahrens, also from the Denver City Attorney's Office and from the Colorado Attorney General's Office. Amy Colony and John Tanner from the defendant Fairfield and Woods, and also representing the receiver, Sterling Consulting Corporation. One of the other co-defendants, McCollins Johannes, the private law firm that represented Denver, is on the briefs, but not here this morning. Your Honors, the district court's order dismissing the complaint based on lack of subject matter jurisdiction was a correct application of the Rooker-Feldman Doctrine, and it should be affirmed. I want to, based on my colleague's prior argument, address some highlights and some what I think are important concessions made by the appellant. Mr. Bruce did have the opportunity and did exercise that opportunity to participate in the receivership action. And notably, and perhaps most importantly, as Your Honor has recognized, as a claimant, he had the opportunity to appeal. And several of the most noteworthy orders of the court were specifically made final to give Mr. Bruce that opportunity. Does it matter that he asked specifically to be made a party, to be named a party, and the court refused to do it? It doesn't matter that he was not technically a party. He was a claimant in a receivership action, as Your Honor recognizes as a quasi-in rem proceeding. So based on the fact that he was a claimant, he had a number of entitlements in that action, the right to appeal. And I would refer, again, Your Honor, to one of the more noteworthy pleadings that Mr. Bruce made, that notice of appeal, the objection to the receiver, and the state court addressed that in a substantive order. I believe there were 23 paragraphs in 2017 denying that motion. So he was not merely ignored, as the brief alleges. He was allowed to make motions. Many of those motions were ruled on. And again, the opportunity to appeal was there, and he chose not to do so. Well, why isn't this case like Johnson versus Rodriguez? You'll forgive me, Your Honor, there are... ...where the father came in to challenge the adoption, and the district court said that you're barred by Rooker-Feldman, and this court said, no, he's not. He wasn't a party to the prior adoption action in the state court. Yes, that decision from 2008 had to do with an adoption case in Utah. I believe the court noted that the complaint in that action was very narrowly focused on the validity of the Utah adoption laws and not the merits of the state court ruling. So it would be distinguishable in this case where the district court correctly found that all of the injuries, all of the claims in this federal action are seeking alleged injuries caused by the state court judgments in the receivership proceeding. Well, also, I mean, there is a parallel to the Utah case because he is challenging the city's procedures, is he not? In his Monell claim? Your Honor, he couches the claims as, I'm merely alleging that the city's processes and the state's processes are wrong and resulted in my injuries. But those processes and those procedures are the litigation. There would be no injury, as the district court correctly noted, if those weren't made judgments. So the city of Denver brought its actions to enforce its judgments. It received summary judgment on those claims and a receivership was appointed. So his claims that he was, quote unquote, robbed of his equity or that his liens should have been given priority over the city's liens were effectuated by those judgments. But it all starts. I'm sorry, but isn't that also true in the Utah case, our case on the adoption? Although the father wasn't challenging the decision to give the child, to adopt out the child, he was challenging the procedure by which that decision was made. And we said the Rooker-Feldman doesn't bar that. So if Mr. Bruce is saying the Denver procedures by which they assess these fines, which he claims are excessive, and their procedures by which they then put their liens ahead of my liens and wipe out my equity in the property, are what I'm challenging. He's not asking to give him back the property. He's challenging these procedures. Isn't it the same as our Utah adoption case? Again, I don't think it is, Your Honor. I think that one of the things that you have to look at and the district court has to look at when assessing Rooker-Feldman is the nature of the claims. So Mr. Bruce can couch his claims as constitutional claims, but really they're intertwined with the state court judgments here. So merely... You're saying, maybe you're saying he has to get past Rooker-Feldman before he can talk about a Monell claim against the city. That's right. And it also bears noting, Your Honor, that there were two administrative decisions prior to this action being brought. And there's been no allegation that Mr. Bruce did not have an opportunity to participate in those administrative proceedings or appeal those administrative proceedings, which was noted by the state court in its response to his claim and objection to the receiver. So he had many opportunities to object to these processes and procedures. And he chose not to. As a final point, I would disagree with my counsel's description of the Dorsey case. I believe that one of the important aspects that the Second Circuit noted in the Dorsey case was that that participation element is actually not critical. And the policy implications that were raised in the Second Circuit, those apply here with equal force. In a in-rem proceeding or a quasi-in-rem proceeding, a disappointed claimant such as Mr. Bruce could simply be permitted a collateral attack in federal court if he was disappointed with the result of that response. A collateral attack or a direct? It's a direct appeal, isn't it? A direct appeal. Correct. An avenue to appeal that state receivership proceeding to federal court. And as a strategy, could choose not to participate and then point to that lack of participation as a reason supporting that appeal. The floodgates would be opened. State receivership proceedings should be the province of state courts. As they were here, there were judgments. There was an opportunity to appeal. Do we have any case in this circuit that looks at all like the Dorsey case? We do not, Your Honor. I would note that there are some... It just strikes me that this type of issue should be really pretty commonplace. You know, the situation that we're in here. This is a very common problem in cities and you have the taking of land. You could argue it's wrong and the policies are poorly executed or even poorly drafted. But we have no decision that looks anything like the Dorsey case as regards the in-rem application of Rooker-Feldman. We don't have one that is a direct receivership proceeding. I would note McDonald versus Citibank was recently decided by this circuit, I believe, on November 1st. And I think there's some language that would be applicable to this situation. That's a recent case. I think the appeal issue was in a probate proceeding found to be a critical issue that the claimant to the probate estate had that opportunity to appeal. And that's the Haas versus Stewart case. So there are some parallels, but you're right, no direct case like Dorsey. What about in other circuits? We took a look, didn't find them. Did you find cases like Dorsey from other circuits? Most of the case law that I could find was from the Second Circuit. And Your Honors, if there's no further questions, we will rest on our briefs. Thank you. Thank you. It looks like you've got 43 seconds of rebuttal. I'll just add, I have not found any cases akin to what the court was looking for. I certainly would have cited them if I had. I guess the closest is probably that Haas case, which is not a binding decision. And in fact, the question of whether the appellants in that case were parties to the state court litigation wasn't even raised in the decision. The issue in that case was whether the Rooker-Feldman doctrine applied to challenges of interlocutory orders or non-final orders rather than the final judgment. It didn't address the issue of the parties to the state court litigation. But thank you for your time. This is an important matter to my client. I know it seems like an arcane legal issue, but it is real for him. And we appreciate your time. Thank you. We take this case under advisement.